IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| BLUE RHINO CORPORATION, ) <br> BLUE RHINO CONSUMER PRODUCTS, LLC, ) <br> BLUE RHINO GLOBAL SOURCING, LLC, ) <br> and CPD ASSOCIATES, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN BIOPHYSICS CORPORATION ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:04CV00012 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs BLUE RHINO CORPORATION ("Blue Rhino Corporation"), BLUE RHINO CONSUMER PRODUCTS, LLC ("BRCP"), BLUE RHINO GLOBAL SOURCING, LLC ("BRGS"), and CPD ASSOCIATES, INC. ("CPD") (collectively "Plaintiffs") hereby file this Complaint against Defendant AMERICAN BIOPHYSICS CORPORATION ("American Biophysics" or "Defendant"), showing the Court as follows:

### A. The Parties, Jurisdiction and Venue

1. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201 and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiffs and Defendant.

3. Blue Rhino Corporation is a corporation formed under the laws of the State of Delaware, having its principal place of business at 104 Cambridge Plaza Drive, Winston-Salem,

North Carolina 27104. Blue Rhino Corporation is the parent company of co-plaintiffs BRCP, BRGS, and CPD.

4. BRCP is a limited liability company formed under the laws of the State of Delaware, having its corporate address at 104 Cambridge Plaza Drive, Winston-Salem, North Carolina 27104.

5. BRGS is a limited liability company formed under the laws of the State of Delaware, having its corporate address at 104 Cambridge Plaza Drive, Winston-Salem, North Carolina 27104.

6. CPD is a corporation incorporated under the laws of the State of North Carolina, having its corporate address at 104 Cambridge Plaza Drive, Winston-Salem, North Carolina 27104.

7. On information and belief, American Biophysics is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 140 Frenchtown Road, North Kingstown, Rhode Island 02852.

8. On information and belief, American Biophysics is a successor company to a company formerly bearing the same name (*i.e.*, American Biophysics Corporation), but incorporated during its corporate lifespan in Rhode Island (hereafter "American Biophysics – Rhode Island"). On information and belief, on or about September 18, 1995, American Biophysics – Rhode Island was merged into American Biophysics and thus ceased to be a corporate entity and otherwise has been dissolved.

9. On information and belief, American Biophysics is in the business of making and selling insect traps, including a product called the "Mosquito Magnet," and related accessories.

On information and belief, American Biophysics has conducted its business within the State of North Carolina and otherwise has engaged in substantial activities with this State.

10. This Court has jurisdiction over American Biophysics pursuant to N.C. Gen. Stat. § 1-75.4.

11. This Court has jurisdiction over the subject matter of this action on the following grounds:

(a) 28 U.S.C. §§ 1331 and 1338, this being a civil action arising under the laws of the United States;

(b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce;

(c) 28 U.S.C. § 1332, because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs, and is between citizens of different States; and

(d) 28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution.

12. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

## B. Factual Background

13. BRCP is in the business of designing and selling insect traps, including SKEETERVAC® insect traps.

14. On information and belief, American Biophysics is in the business of making and selling insect traps, including a product called the "Mosquito Magnet."

15. BRCP and American Biophysics are competitors for sales of insect traps and other related products and services.

16. Beginning in or about May 2003, Plaintiffs learned that American Biophysics was making untrue statements to the public and misrepresenting the nature, characteristics, and quality of BRCP's products, services, and commercial activities.

17. Plaintiffs are informed and understand that American Biophysics has made false and misleading statements to BRCP's customers and potential customers specifically about BRCP's SKEETERVAC® insect traps, which compete directly with American Biophysics' Mosquito Magnet insect traps. On information and belief, American Biophysics has misrepresented to the public on more than one occasion that BRCP's SKEETERVAC® insect traps are inferior products with hazardous byproducts compared to American Biophysics' Mosquito Magnet insect traps. Additionally, on information and belief, American Biophysics has made false and misleading representations to the public about the continued vitality of BRCP's business and its ability to service its products and customers in the future.

18. Plaintiffs also are informed and understand that American Biophysics made false and misleading statements to customers and potential customers of BRCP's alleging that BRCP was liable for patent infringement and that American Biophysics had brought suit against BRCP

related to BRCP's SKEETERVAC® insect traps, when in fact no litigation had been initiated at that time.

19. On August 8, 2003, American Biophysics – Rhode Island initiated a patent infringement lawsuit against Blue Rhino Corporation in the United States District Court for the District of Rhode Island, alleging that Blue Rhino Corporation has infringed U.S. Patent Nos. 6,286,249 ("the '249 patent") and 6,145,243 ("the '243 patent"). Also on August 8, 2003, American Biophysics – Rhode Island filed a complaint against Blue Rhino Corporation with the United States International Trade Commission.

20. On August 13, 2003, BRCP filed a Complaint for Declaratory Relief against American Biophysics – Rhode Island in this court seeking, among other things, a declaratory judgment regarding American Biophysics – Rhode Island's allegations of patent infringement.

21. Also on August 13, 2003, BRCP and CPD filed an action in the General Court of Justice, Superior Court Division, Forsyth County, against American Biophysics – Rhode Island seeking, among other things, a declaratory judgment regarding American Biophysics – Rhode Island's allegations of patent infringement. On September 9, 2003, that Superior Court case was removed to this Court, and assigned C.A. No. 03-CV-00837.

22. CPD is the owner, by common law and under the trademark laws of the United States, of rights in and to the mark SKEETERVAC®. On April 5, 2002, CPD filed U.S. Trademark Application No. 76/392,024 for the SKEETERVAC® mark directed to "propane fueled insect traps for attracting and killing insects." The United States Patent and Trademark Office allowed this application for registration on the Principal Register on July 7, 2003. BRCP is a licensee of rights in and to the SKEETERVAC® mark.

23. On or about September 16, 2002, American Biophysics registered the domain name *skeeter-vac.com*. Upon information and belief, American Biophysics was aware of Plaintiffs' rights in and to the SKEETERVAC® mark at the time it registered this domain name.

24. American Biophysics has informed Plaintiffs that it intends to relinquish the domain name *skeeter-vac.com*; however, even if American Biophysics does so, such belated action does not atone for the damages suffered by Plaintiffs as a result of American Biophysics' unlawful actions in registering the domain name.

## COUNT I

### UNFAIR AND DECEPTIVE TRADE PRACTICES
### NORTH CAROLINA GEN. STAT. § 75-1.1, *ET SEQ.*

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above as if fully set forth herein.

26. American Biophysics' false and misleading statements to customers and potential customers of Blue Rhino Corporation, BRCP, and BRGS concerning the nature, characteristics, and quality of their products, services, and commercial activities; American Biophysics' false and misleading statements about the existence of pending litigation against Blue Rhino Corporation, BRCP, and BRGS; and American Biophysics' unlawful registration of the *skeeter-vac.com* domain name constitute unfair and deceptive trade practices in or affecting commerce.

27. By virtue of the aforesaid acts, American Biophysics has competed unfairly and deceptively with Blue Rhino Corporation, BRCP, and BRGS; American Biophysics has gained an unfair competitive advantage against Blue Rhino Corporation, BRCP, and BRGS; and American Biophysics has been unjustly enriched at the expense of Plaintiffs in violation of the common law of the State of North Carolina and N.C. Gen. Stat. § 75-1.1, *et seq.*

28. Plaintiffs have suffered actual injury and have been damaged in an amount in excess of ten thousand dollars ($10,000) as a direct and proximate result of American Biophysics' unfair and deceptive trade practices.

29. American Biophysics' conduct has caused and, if not enjoined, will continue to cause injury to Plaintiffs, for which injury Plaintiffs are entitled to receive monetary damages and other appropriate relief.

30. Pursuant to Chapter 75, N.C. Gen. Stat., Plaintiffs are entitled to treble damages and attorney fees for American Biophysics' unfair and deceptive trade practices.

## COUNT II

### UNFAIR COMPETITION
### NORTH CAROLINA COMMOM LAW

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as if fully set forth herein.

32. American Biophysics' false and misleading statements to customers and potential customers of Blue Rhino Corporation, BRCP, and BRGS concerning the nature, characteristics, and quality of their products, services, and commercial activities; American Biophysics' false and misleading statements about the existence of pending litigation against Blue Rhino Corporation, BRCP, and BRGS; and American Biophysics' unlawful registration of the *skeeter-vac.com* domain name constitute unfair and deceptive trade practices in or affecting commerce.

33. By virtue of the aforesaid acts, American Biophysics has competed unfairly and deceptively with Blue Rhino Corporation, BRCP, and BRGS; American Biophysics has gained an unfair competitive advantage against Blue Rhino Corporation, BRCP, and BRGS; and

American Biophysics has been unjustly enriched at the expense of Plaintiffs in violation of the common law of the State of North Carolina.

34. Plaintiffs have suffered actual injury and have been damaged in an amount in excess of ten thousand dollars ($10,000) as a direct and proximate result of American Biophysics' unfair competition.

35. American Biophysics' conduct has caused and, if not enjoined, will continue to cause injury to Plaintiffs, for which injury Plaintiffs are entitled to receive monetary damages and other appropriate relief.

## COUNT III

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE NORTH CAROLINA LAW

36. Plaintiffs incorporate by reference paragraphs 1 through 35 above as if fully set forth herein.

37. American Biophysics' false and misleading statements to customers and potential customers of Blue Rhino Corporation, BRCP, and BRGS concerning the nature, characteristics, and quality of their products, services, and commercial activities; and American Biophysics' false and misleading statements about the existence of pending litigation against Blue Rhino Corporation, BRCP, and BRGS constitute tortious interference with business relations and prospective economic advantage.

38. American Biophysics was aware of the existence and nature of Blue Rhino Corporation's, BRCP's, and BRGS's business relations with its customers and potential customers of its products and services, and had no legitimate justification for interfering with those relations.

39. American Biophysics' actions as alleged herein proximately caused Blue Rhino Corporation, BRCP, and BRGS to lose present and future business with its customers and potential customers, and such actions have cost, and will continue to cost, Blue Rhino Corporation, BRCP, and BRGS substantial lost income and lost profits, and lost prospective business opportunities.

40. Blue Rhino Corporation, BRCP, and BRGS have suffered actual injury and have been damaged in an amount in excess of ten thousand dollars ($10,000) as a direct and proximate result of American Biophysics' tortious interference with their business relations and prospective economic advantage.

41. American Biophysics' conduct has caused and, if not enjoined, will continue to cause injury to Blue Rhino Corporation, BRCP, and BRGS and their respective businesses, for which injury Blue Rhino Corporation, BRCP, and BRGS are entitled to receive monetary damages and other appropriate relief.

## COUNT IV

## UNFAIR COMPETITION
## LANHAM ACT SECTION 43(a) (15 U.S.C. § 1125(a))

42. Plaintiffs incorporate by reference paragraphs 1 through 41 above as if fully set forth herein.

43. American Biophysics' false and misleading statements to customers and potential customers of Blue Rhino Corporation, BRCP, and BRGS concerning the nature, characteristics, and quality of their products, services, and commercial activities; and American Biophysics' false and misleading statements about the existence of pending litigation against Blue Rhino

Corporation, BRCP, and BRGS constitute unfair competition in or affecting commerce under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. By virtue of the aforesaid acts, American Biophysics has competed unfairly with Blue Rhino Corporation, BRCP, and BRGS; American Biophysics has gained an unfair competitive advantage against Blue Rhino Corporation, BRCP, and BRGS; and American Biophysics has caused, and if not enjoined will continue to cause, irreparable damage to the rights of Plaintiffs, including to their reputation and goodwill.

45. Upon information and belief, American Biophysics' actions are willful, deliberate, and done with knowledge of Plaintiffs' exclusive and proprietary rights, and with knowledge that these actions are likely to confuse, mislead, and deceive the public.

46. Blue Rhino Corporation, BRCP, and BRGS have suffered actual injury and have been damaged in an amount in excess of ten thousand dollars ($10,000) as a direct and proximate result of American Biophysics' unfair competition.

47. American Biophysics' conduct has caused and, if not enjoined, will continue to cause injury to Blue Rhino Corporation, BRCP, and BRGS, for which injury Blue Rhino Corporation, BRCP, and BRGS are entitled to receive monetary damages and other appropriate relief.

## COUNT V

### VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT LANHAM ACT SECTION 43(d)(1)(A) (15 U.S.C. § 1125(d)(1)(A))

48. Plaintiffs incorporate by reference paragraphs 1 through 47 above as if fully set forth herein.

49. American Biophysics' *skeeter-vac.com* domain name is identical or confusingly similar to the SKEETERVAC® mark owned by CPD and licensed by BRCP. Upon information and belief, American Biophysics registered the *skeeter-vac.com* domain name with the bad faith intent of profiting from the domain name at the expense of Plaintiffs.

50. On information and belief, American Biophysics' actions are willful, deliberate, and done with knowledge of Plaintiffs' exclusive and proprietary rights, and with knowledge that its actions are likely to confuse, mislead, and deceive the public.

51. CPD has suffered actual injury, and on information and belief, has been damaged in an amount in excess of ten thousand dollars ($10,000) as a direct and proximate result of American Biophysics' unlawful activities.

52. American Biophysics' conduct has caused and, if not enjoined, will continue to cause injury to CPD, for which injury CPD is entitled to receive monetary damages and other appropriate relief.

53. CPD is entitled to a transfer of the domain name from American Biophysics, as well as its actual damages and profits or an award of statutory damages from the Court.

## COUNT VI

### DECLARATORY JUDGMENT REGARDING ALLEGATIONS OF PATENT INFRINGEMENT

54. Plaintiffs incorporate by reference paragraphs 1 through 53 above as if fully set forth herein.

55. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

56. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed.R.Civ.P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiffs and Defendant.

57. On information and belief, American Biophysics is the assignee and owner of all right, title and interest in and to the '249 and '243 patents.

58. There is a justiciable controversy between Plaintiffs and American Biophysics arising out of American Biophysics – Rhode Island's allegations that BRCP and/or its related companies have committed patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, by infringing one or more claims of the '249 and '243 patents.

59. American Biophysics – Rhode Island was merged into American Biophysics, the defendant here, on or about September 18, 1995 and thus ceased to be a separate corporate entity. Thus, American Biophysics – Rhode Island's allegations of patent infringement against certain of Plaintiffs have given Plaintiffs a reasonable apprehension of suit by American Biophysics.

60. These allegations place a cloud over Plaintiffs' business and will cause uncertainty among customers, prospective customers and others in the marketplace, leading Plaintiffs to lose sales and business opportunities.

61. On information and belief, Plaintiffs have not committed patent infringement as alleged by American Biophysics.


WHEREFORE, Plaintiffs Blue Rhino Corporation, Blue Rhino Consumer Products, LLC, Blue Rhino Global Sourcing, LLC, and CPD Associates, Inc. pray by virtue of this Complaint, as follows:

(a) That the Court permanently enjoin Defendant American Biophysics Corporation from continuing its unlawful activities;

(b) That the Court award Plaintiffs damages in an amount in excess of ten thousand dollars ($10,000) per count, as alleged;

(c) That the Court award Plaintiffs treble damages and attorney fees pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1, as applicable;

(d) That the Court award Plaintiffs punitive damages under N.C. Gen. Stat. § 1D-15, as applicable;

(e) That the Court award Plaintiffs actual damages, Defendant's profits, and costs of the action pursuant to 15 U.S.C. § 1117;

(f) That the Court award CPD statutory damages pursuant to 15 U.S.C. § 1117, as applicable;

(g) That the Court order the domain name *skeeter-vac.com* transferred to CPD;

(h) That the Court declare that Plaintiffs have not infringed any purported patent rights of American Biophysics in the '243 or '249 patents, or otherwise violated the patent laws of the United States;

(i) That the Court find in favor of Plaintiffs and declare this case as exceptional pursuant to 35 U.S.C. § 285;

(j) That the Court award Plaintiffs their attorneys' fees and other costs and expenses;

(k) That the Court award Plaintiffs pre- and post-judgment interest at the maximum rate allowed by law; and

(l) That the Court award such further relief as it deems just and proper.

Plaintiffs hereby demand a trial by jury as to all issues so triable.

This 12th day of January, 2004.

*[signature]*

Michael S. Connor
N.C. State Bar No. 16152
Henry B. Ward, III
N.C. State Bar No. 23323
J. Mark Wilson
N.C. State Bar No. 25763
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000
(704) 444-1111 (facsimile)

*Attorneys for Plaintiffs*

CLT01/4626500v1